UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIN NOEL FAITH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent. | ) 1:08-cv—1423-AWI-SMS-HC<br>)<br>) ORDER DENYING PETITIONER'S MOTION<br>) FOR APPOINTMENT OF COUNSEL<br>) (Doc. 2)<br>)<br>)<br>)<br>)<br>)<br>) |

Petitioner is a state prisoner proceeding with the assistance of counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

I.  Background

The petition in this proceeding was filed by Petitioner's counsel, Gary B. Dubcoff, who has represented Petitioner throughout the proceedings, in which Respondent has filed an answer to the petition, and Petitioner has submitted a reply that functions as a traverse. After a stay imposed in February 2009 was dissolved in July 2010, counsel submitted a list of recent

1

authorities on behalf of Petitioner. The petition concerns alleged due process violations suffered by Petitioner with respect to denial of parole.

　　　　II.　Motion for the Appointment of Counsel

In conjunction with the petition, Petitioner moved pursuant to 18 U.S.C. § 3006A(a)(2)(B), for the appointment of Gary Dubcoff as his counsel in this collateral proceeding. The motion was supported by the declaration of his counsel, who represented Petitioner in the state court proceedings and opines regarding the presence of a meritorious claim and issues of sufficient complexity to render Petitioner incapable of presenting them on his own. Counsel also attests to Petitioner's financial eligibility for the appointment of counsel.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g. Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S 823 (1984). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Counsel has already made an appearance, and the Court has not determined that an appointment of counsel is required. Further, in the reply filed on April 27, 2010, Petitioner expressly states that Petitioner agrees with Respondent's assertion that no evidentiary hearing is required

2

1 herein and that the matter may be decided on the state
2 record, which is adequate for that purpose.  (Doc. 22, 3: 11-13.)
3    Accordingly, Petitioner's request for appointment of counsel
4 is denied without prejudice to a renewal of the motion at a later
5 stage of the proceedings.

7 IT IS SO ORDERED.
8 **Dated:   August 3, 2010**              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

3